Filed 11/30/21  P. v. Mitchell CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JOSE PEPE MITCHELL,<br><br>    Defendant and Appellant. | B308527<br><br>(Los Angeles County<br> Super. Ct. No. YA091753) |

APPEAL from an order of the Superior Court of Los Angeles County.  Roger Ito, Judge.  Affirmed.

Linda L. Gordon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Defendant and appellant Jose Pepe Mitchell appeals the postjudgment order denying his request to strike a five-year enhancement after we remanded for resentencing to allow the trial court the opportunity to consider whether to exercise its discretion to strike the enhancement pursuant to recently enacted legislation.

We affirm.

## BACKGROUND

Defendant was charged with criminal conspiracy, three counts of second degree robbery and three counts of attempted second degree robbery. The jury acquitted him on one of the robbery counts but otherwise convicted him as charged. The court sentenced defendant to 21 years in prison and awarded 1,624 days of presentence custody credits. Defendant appealed, arguing the trial court erred in denying his motion for mistrial based on juror misconduct and that none of the six counts on which he was convicted was supported by substantial evidence.

In our original unpublished opinion filed October 11, 2018, we affirmed defendant's conviction in its entirety. The Supreme Court granted review and transferred the case to us with directions to vacate our decision and reconsider the cause in light of the then-recent passage of Senate Bill No. 1393 (2017–2018 Reg. Sess.). Senate Bill No. 1393 became effective January 1, 2019, and granted trial courts the discretion to strike recidivist enhancements imposed under Penal Code section 667, subdivision (a)(1). (Stats. 2018, ch. 1013, § 1.) At the time defendant was originally sentenced in 2017, imposition of the enhancement was mandatory.

We vacated our original decision and remanded for resentencing to allow the trial court the opportunity to consider

2

whether to strike defendant's five-year enhancement pursuant to Penal Code section 1385 as amended by Senate Bill No. 1393. (Stats. 2018, ch. 1013, § 2.)  We reissued the balance of our opinion unchanged.  (*People v. Mitchell* (Apr. 5, 2019, B281476) [nonpub. opn.].)

Following remand, the resentencing hearing was held on September 22, 2020.  The case had been reassigned as the original sentencing judge was no longer available.  Defendant was present, represented by counsel, and the proceedings were reported.

Defendant requested the court exercise its discretion to strike the five-year enhancement pursuant to Penal Code section 667, subdivision (a)(1) because he had expressed remorse and contrition and had an exemplary record of conduct in prison. The prosecutor argued that defendant's arguments were more appropriately addressed to the parole board and asked the court to leave the original sentence intact because of the seriousness of the offenses for which defendant was convicted.

The court declined to strike the five-year enhancement. Defendant appealed.

## DISCUSSION

Defendant contends he is entitled to another sentencing hearing because, according to him, the trial court misunderstood the scope of its discretion in considering whether to strike the five-year enhancement.  Defendant says the trial court did not understand that his postsentencing prison conduct was a relevant factor.  And, "[w]here a sentencing court is unaware of 'the full scope' of its discretionary power, 'the appropriate remedy is to remand for resentencing unless the record "clearly indicate[s]" that the trial court would have reached the same

conclusion "even if it had been aware that it had such discretion." ' " (*People v. Yanaga* (2020) 58 Cal.App.5th 619, 628 (*Yanaga*).)

We do not find the trial court misunderstood its discretion or the relevance of defendant's conduct in prison.

At the hearing, the court specifically stated the case was before the court on remand from our court to exercise its discretion whether to strike the five-year enhancement, and that the court had "thoroughly considered" the matter. The court received considerable evidence of defendant's rehabilitation while in prison and spoke at some length about the gains defendant had made in prison and the court's belief defendant's statements of remorse and contrition were genuine. The court then went on to explain its view that defendant's criminal history and the aggravated nature of the crimes for which he was convicted were "very, very bad," and that it was "almost inconceivable" defendant would commit such crimes in light of the support and love he had received from his family.

The court made plain it did not find defendant's good behavior in prison was sufficiently mitigating to outweigh the aggravating factors. In arguing the trial court did not appreciate the scope of its discretion, defendant points to the following statements by the court: "[T]here are avenues for which an individual who has done an exemplary job in state prison custody can make a petition to the court for additional leniency. [¶] 1393 in my estimation is not that code section." And, "I am mindful of the fact that you have done well. Okay? Well since you've been in state prison custody. But that does not in my estimation give this court the reason or rationale, at least based on this motion in

4

this—the underpinnings of this particular bill number, to grant that type of leniency."

The court's explanation of its reasons for declining to strike the enhancement demonstrates the court understood its discretion, and that it considered defendant's postsentencing conduct, but in its estimation, defendant's good behavior in prison was insufficient to outweigh the other relevant sentencing factors. It is not our role to reweigh the sentencing factors or substitute our own judgment for that of the sentencing judge.

This case is not like *Yanaga* where the trial court *expressly* stated it would *not consider* the postsentencing prison conduct by the defendant (*Yanaga*, *supra*, 58 Cal.App.5th at p. 625) and that, for purposes of ruling on the defendant's motion, the court believed it was appropriate to put itself " 'back in the situation of [the original sentencing judge] at the time of sentencing' " (*id.* at p. 624).

We find no abuse of discretion by the trial court, nor do we find the record supports the conclusion the court misunderstood the scope of its discretion.

## DISPOSITION

The postjudgment order denying defendant's request to strike the five-year enhancement is affirmed.

GRIMES, Acting P. J.

WE CONCUR:

WILEY, J.                    HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5